**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHERN DIVISION**

IN RE CHRISTOPHER BARNES,

Bankruptcy Case Number
25-82314-CRJ-7

Debtor,

CHRISTOPHER BARNES,

Plaintiff,

Adversary Proceeding No.

v.

CAPIO PARTNERS, LLC,

Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Christopher Barnes ("Barnes"), makes the following allegations in his complaint against the Defendant, Capio Partners, LLC ("Capio").

## PARTIES

1. Barnes is the debtor in the above-referenced Chapter 7 bankruptcy case commenced on November 7, 2025.

2. Capio is a limited liability company organized and existing under the laws of the state of Texas. At all times material to this complaint, Capio regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the state of Alabama lying within this court's district and division. Barnes did business with Capio within this district and division, and it is these business transactions that give rise to this litigation.

## JURISDICTION

3. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Barnes's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Barnes and the Defendant. Consequently, this is a core proceeding, and this court has

jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b). Courts in the Eleventh Circuit have explained that "any rights arising from a violation of the automatic stay are substantive rights created by the Bankruptcy Code and are thus quintessentially core matters."[1]

## BACKGROUND FACTS AND NATURE OF ACTION

4. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 1007(a) and 11 U.S.C. §521(a), the debtor filed with his Chapter 7 petition a list of creditors with their names and addresses. Contained in that list was Capio.

5. In accordance with the Federal Rules of Bankruptcy Procedure - Rule 2002 and 11 U.S.C §342, the Clerk sent notice of the debtor's Chapter 7 bankruptcy filing and 341 Meeting of Creditors to Capio via electronic transmission through the Bankruptcy Noticing Center on November 8, 2025. (See Exhibit 1 - BNC Certificate of Notice).

6. As a result of Capio being included in the list of creditors filed by the debtor with his petition and the Clerk's sending of notice of his Chapter 7 bankruptcy, the Defendant had both notice and actual knowledge of both the commencement of and all the proceedings in Barnes's bankruptcy case.

7. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Barnes's bankruptcy case gave rise to the automatic stay which, among other things, prohibits Capio from attempting to collect from Barnes any pre-petition obligation owed by Barnes to Capio.

8. The Plaintiff asserts that despite having both notice and actual knowledge of the commencement of Barnes's bankruptcy case, Capio sent a post-petition text message to Barnes in an attempt to collect a prepetition debt owed by Barnes to Capio in violation of 11 U.S.C. §362(a)(6).

9. Barnes brings this action to recover the actual damages he has sustained as a result of the defendant's willful violation of the automatic stay in this case and to recover compensatory and punitive damages from the defendant for that violation under 11 U.S.C. § 362(k) of the Bankruptcy Code, which provides that "an individual injured by any willful violation of the stay provided by this section shall recover actual damages, including costs and attorney's fees, and in

---

[1] *See Walker v. Got'cha Towing & Recovery, LLC* (*In re Walker*), 551 B.R. 679, 686 (Bankr. M.D. Ga. 2016)(citing *Banks v. Kam's Auto Sales* (*In re Banks*), 521 B.R. 417, 420 (Bankr. M.D. Ga. 2014)).

appropriate circumstances, may recover punitive damages."[2] In the case of *Parker v. Credit Central South, Inc.* (*In re Parker*), 634 Fed. Appx. 770 (11th Circuit 2015), the Eleventh Circuit held that the costs and attorney's fees incurred by a debtor "to halt the violation of the automatic stay and to prosecute his action for damages constitutes an injury."[3]

**CLAIM – VIOLATION(S) OF THE AUTOMATIC STAY**

10. Despite the imposition of the automatic stay by the commencement of the Debtor's bankruptcy case and having both notice and actual knowledge of the commencement of the Debtor's bankruptcy case, Capio sent a post-petition text message to Barnes. The Plaintiff asserts that the Defendant's actions constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

11. Capio sent a post-petition text message to the debtor on or about December 11, 2025. The text message stated: "Capio Partners, a Debt Collector: Your balance of $985.00 is due on account 38858938, which originated with Us Acute Care Solutions and is now owned by our client CF Medical LLC. Please call us at 888-695-0150 to discuss payment options or visit https://cp-pay.online/3Yg0f. To Optout Txt STOP." (See Exhibit 2 – Capio Text Message). The Plaintiff asserts that the post-petition text message from Capio constituted an act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title in violation of 11 U.S.C. §362(a)(6).

12. The Plaintiff asserts that the Defendant's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

13. Barnes has sustained injury and damage as a result of the defendant's violation of the automatic stay. Under 11 U.S.C. §362(k)(1), Barnes is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against Capio for its willful and intentional violation of the automatic stay. The post-petition collection activity, after receiving notice of Barnes's bankruptcy, indicates that Capio does not have proper policies and procedures to avoid violating the automatic stay.

---

[2] 11 U.S.C. § 362(k)(1) [emphasis added].
[3] *Id.* at 773

**WHEREFORE**, Barnes asks this Court to enter an order:

(A) Awarding Barnes compensatory damages against Capio including the reasonable attorney's fees and costs incurred by Barnes in the preparation and prosecution of this adversary proceeding;

(B) Awarding Barnes punitive damages against Capio for its willful and intentional violation of the automatic stay, such damages being intended to instill in Capio and other creditors due respect for this court and its orders and to deter them from taking similar action against Barnes and similarly situated debtors in the future;

(C) Voiding the debt owed to Capio by Barnes; and

(D) Granting Barnes any additional or different relief this court deems appropriate.

Dated: 12/31/2025

Respectfully submitted,

/s/ *John C. Larsen*__________________
John C. Larsen
Michael A. Wilkins
Counsel for the debtor/plaintiff,
Christopher Barnes

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com
michael@jlarsenlaw.com